UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. ORB HATTON, an individual, and DIANE HATTON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., a national association; BSI FINANCIAL SERVICES, a business entity; and Does 1 through 100, inclusive,<br><br>Defendants. | Case No. 1:15-cv-00187-EPG<br><br>**ORDER RE: DEFENDANT BSI FINANCIAL SERVICES' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>(ECF No. 56) |

**I.    INTRODUCTION**

Defendant BSI Financial Services ("BSI") has moved to dismiss Plaintiffs' claim for violation of California Civil Code § 2923.7 on the ground that Plaintiffs did not adequately allege that Plaintiffs requested that BSI establish a single point of contact. On the contrary, Plaintiffs' First Amended Complaint (the "FAC") alleges that Plaintiffs "verbally requested that he be transferred to a single point of contact that would be assigned to his loan." Plaintiffs' allegations state a claim under § 2923.7 and Defendant's Motion is thus DENIED.

///

## II. BACKGROUND

This is BSI's second attempt to dismiss this case. As explained in the Court's previous order regarding Defendants' motions to dismiss the Complaint, this case arises out of the attempted foreclosure of property located in Mariposa County.[1] In March 2008, Plaintiffs refinanced a piece of property located at 10265 Granite Dell Road in Coulterville, California with Countrywide Financial. Plaintiffs secured the $416,925 loan by executing a Deed of Trust and Promissory Note with Countrywide Financial. In July 2008, the loan was transferred to BofA. In October 2011, Plaintiffs sought a loan modification from Bank of America. In November 2014, the loan was sold to BSI.

Plaintiffs attempted to obtain a loan modification with BSI. Upon contacting BSI, Plaintiff P. Orb Hatton "verbally requested that he be transferred to a single point of contact that would be assigned to his loan, so that Plaintiffs could determine what their options were." (FAC ¶ 26, ECF No. 44.) Eventually, Plaintiffs spoke with Chris Davis at BSI, who told Plaintiffs that he was their "assigned single point of contact for the loan." *Id.* He informed Plaintiffs that if they provided their financial information to him over the phone and submitted an approval letter for the reverse mortgage for his review, he would obtain a loan modification so that they could accept the reverse mortgage offer.[2] Davis promised that BSI would either approve the request or make a counter offer within three days. Plaintiffs submitted the requested information, but were never able to contact Davis again. A Notice of Trustee's Sale was recorded against the property on January 15, 2015.

///
///
///
///

---

[1] Because the current Motion is brought solely by Defendant BSI and is not joined by Defendant Bank of America, N.A., the Court will only recount Plaintiffs' factual allegations as relevant to BSI's conduct.

[2] Plaintiffs had previously attempted to obtain reverse mortgages from a number of different lenders to pay off the mortgage loan. Although Plaintiffs had been approved for multiple reverse mortgages, they had been unable to obtain a loan modification or pay off quote from Defendants and had thus been unable to apply the various reverse mortgages to the loan.

On August 20, 2015, Defendant BSI Financial Services filed a Motion to Dismiss the FAC.[3] After Plaintiffs P. Orb Hatton and Diane Hatton ("Plaintiffs") failed to file a brief in opposition to the Motion, the Court issued an order to show cause, instructing Plaintiffs to file an opposition brief or otherwise show cause why the Motion should not be granted. Plaintiffs timely filed a response and BSI did not file any brief in reply. The Court has reviewed the papers and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(g). After a review of the pleadings and for the reasons set forth below, the Court determines that the Motion to Dismiss is DENIED.

## III.   DISCUSSION

BSI targets its Motion to Dismiss at Plaintiffs' Second Cause of Action, which alleges that BSI violated California Civil Code § 2923.7. In the order deciding BSI's first motion to dismiss, the Court dismissed this cause of action and allowed Plaintiffs leave to amend the Complaint to add the necessary factual allegations to state a claim under § 2923.7. BSI now argues that the amendments that Plaintiffs have made are still inadequate to properly state a claim because: (1) Plaintiffs have not alleged a violation of § 2923.7 with the required particularity; and (2) the amended allegations are contradictory to those in the original Complaint and should thus be rejected as a mere "sham" designed to evade dismissal.

---

[3] BSI requests the Court take judicial notice of the following documents: Deed of Trust, recorded April 1, 2008; Assignment of Deed of Trust, recorded December 31, 2012; Substitution of Trustee, recorded August 28, 2014; Notice of Default and Election to Sell under Deed of Trust, recorded August 28, 2014; Notice of Trustee's Sale, dated January 15, 2015; and Plaintiff's Original Complaint in this action, filed February 4, 2015. The first five documents are lodged in the official records of Mariposa County. Courts may take judicial notice of facts "not subject to reasonable dispute" when they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Plaintiffs do not oppose the request for judicial notice. All the documents attached by Defendant are public records and the Court takes judicial notice of them. *U.S. v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (courts may "take judicial notice of 'matters of public record'" and consider them when ruling on a Rule 12(b)(6) motion). It is unclear, however, what effect BSI expects the notice of these documents to have— outside of the statement of facts, BSI's Motion appears to revolve entirely around the allegations in the Complaint and the FAC. *Rezentes v. Sears, Roebuck & Co.*, 729 F.Supp.2d 1197, 1206 (D. Haw. 2010) ("This court does not understand why Sears asks this court to take judicial notice of Rezentes's Complaint or a declaration. If the court took such notice, it would only notice the existence of the documents, not notice any facts asserted in the documents as true. What is puzzling is that the documents could have been referred to or attached to the moving papers without judicial notice"). BSI also appears to have simply printed out and submitted the same documents it filed in its request for judicial notice in support of its first motion to dismiss in its current Request for Judicial Notice, despite the Court's warning in the order dispensing with the original request that some of the documents filed were barely legible. ***BSI is cautioned that the Court will not entertain the submission of illegible documents in future filings.***

### A. Legal Standard

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007). Legally conclusory statements, when unsupported by actual factual allegations, need not be accepted. *Ashcroft*, 556 U.S. at 678-79. A court may, however, consider documents other than the complaint when they are judicially noticeable under Federal Rule of Evidence 201 or where "no party questions their authenticity and the complaint relies on those documents." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

### B. Plaintiffs Have Properly Plead a Violation of California Civil Code Section 2923.7

In the order deciding BSI's previous motion to dismiss, the Court described the relevant requirements in § 2923.7:

> California Civil Code section 2923.7 requires that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." A "single point of contact" ("SPOC") "must have authority to stop foreclosure proceedings." *Segura v. Wells Fargo Bank, N.A.*, No. CV-14-04195-MWF (AJWx), 2014 WL 4798890, at *6 (C.D. Cal. Sept. 26, 2014). The SPOC must also, among other things, be able to "timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative." Cal. Civ. Code § 2923.7(b)(3).
> . . .
>
> Courts have read § 2923.7 to "require a borrower to request a SPOC before the servicer is required to establish one." *Carbajal v. Wells Fargo Bank, N.A.*, No. CV 14-7851 PSG (PLAx), 2015 WL 2454054, at *7 (C.D. Cal. April 10, 2015). While the Complaint contains an oblique reference to Plaintiffs' efforts to reach someone at BSI, the allegations stop short of asserting that Plaintiffs requested a single point of contact. (Complaint ¶ 26, ECF No. 1 ("Plaintiffs began the process of trying to contact someone at BSI to find out what his options were. Plaintiffs were finally able to reach an individual named Chris Davis").) Plaintiffs may be

able to correct this deficit through amendment, however, by clarifying the "process" they went through to contact Davis.

(ECF No. 39.)

The allegations in the FAC state that Plaintiffs:

> . . . began the process of trying to contact someone at BSI and verbally requested that he [sic] be transferred to a single point of contact that would be assigned to his loan, so that Plaintiffs could determine what their options were. Plaintiffs were finally able to reach an individual named Chris Davis who identified himself as Plaintiffs' assigned single point of contact for the loan. Plaintiffs explained the whole frustrating scenario to Mr. Davis who told Plaintiffs that he had the authority to make this right for Plaintiffs. He told Plaintiffs that, if they verbally told him their financial information and submitted the approval letter for the reverse mortgage to him, Mr. Davis would get Plaintiffs a modification with a principal reduction in just a few days so that Plaintiffs could accept the reverse mortgage. Plaintiffs verbally submitted their application through Mr. Davis and he stated that, once he received the approval letter, their application would be complete and he would submit the offer to Defendant BSI and either receive an approval or a counter offer within three days. Plaintiffs submitted the approval letter, as requested, but have been unable to contact Mr. Davis since.

(FAC ¶ 26, ECF No. 44.)

Based on these allegations, Plaintiffs have adequately alleged that they requested a single point of contact from BSI and have remedied the deficit in the original Complaint. They have also sufficiently alleged the facts needed to state a claim under § 2923.7.

Defendant contends that the facts alleged in the FAC are inconsistent with the facts alleged in the Complaint. But this is plainly untrue—the cause of action in the original Complaint was dismissed because the Complaint lacked factual allegations, not because it made factual allegations that were inconsistent with the possibility of a claim. Nor, indeed, does the Motion point to any allegations in the Complaint that contradict allegations in the FAC.

BSI also argues that Plaintiffs have not pled their cause of action with the necessary particularity. In support of its argument, Defendant cites to *Danesh-Bahreini v. JP Morgan Chase, N.A.*, No. A135236, 2014 WL 1303643 (Ct. App. Apr. 1, 2014), an unpublished opinion issued by the California Court of Appeal suggesting that statutory causes of action should be plead with particularity. In other words, Defendants ask that the claim be dismissed because Plaintiffs do not allege a specific date when the requests were made or whether request was made over the phone.

5

As a threshold matter, the Court is not bound by an unpublished California state court decision and BSI offers no reason why the Court should follow the *Danesh-Bahreini* court's holding in this instance. *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1126 n. 8 (9th Cir. 2005) ("Under California Rules of Court . . . an unpublished opinion cannot be cited to or relied on by other courts").

In addition, BSI does not establish that California pleading standards apply to the FAC. "A federal court sitting in diversity must apply state substantive law and federal procedural law." *Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 986 (S.D. Cal. 1999), *citing Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). Pleading standards for a complaint are procedural and are thus governed by federal law. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("We therefore reject Vess's argument that we should refuse to apply Rule 9(b) to his state-law causes of action in this diversity case"); *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F.Supp.2d 932, 944 (C.D. Cal. 2011) ("While the substantive elements of a fraud claim are determined by state law, the procedural requirements are governed by Rule 9(b)'s heightened pleading standard"); *Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016, 1018-19 (S.D. Cal. 2000) (applying Federal Rule of Civil Procedure 8's notice pleading standard in favor of California heightened pleading standard for punitive damages). Nor does the mere fact that Plaintiffs have pled a separate cause of action alleging fraud mean that their other causes of action must be pled with particularity. *Vess*, 317 F.3d at 1105 ("in a case where fraud is not an essential element of a claim, only allegations ('averments') of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b). Allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a)").

Finally, the particularity required by the *Daneshi-Bahreini* court does not imply the demands that BSI asserts should apply to the FAC. In *Danesh-Bahreini*, a statutory cause of action, based on a statute that prohibited excessive charges, was dismissed because the complaint "failed to show 'what specific charges, in what specific amounts, were miscalculated or were otherwise excessive.'" *Daneshi-Bahreini*, 2014 WL 1303643 at *7. In other words, the court determined that the plaintiff had omitted information that was material to his claims. The

6

information that BSI claims is missing from the FAC, in contrast, makes little difference to Plaintiffs' claims—nothing in § 2923.7 turns on whether the request for a single point of contact occurred telephonically, rather than in writing or in-person. Nor does it matter where Plaintiffs were located when they requested a single point of contact. Plaintiffs have plausibly pled a violation of § 2923.7.

## IV. ORDER

The Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated: **November 2, 2015**           /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE