# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. ORB HATTON, an individual, and DIANE HATTON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., a national association; BSI FINANCIAL SERVICES, a business entity; and Does 1 through 100, inclusive,<br><br>Defendants. | Case No. 1:15-cv-00187-EPG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD**<br><br>(ECF No. 83) |

On February 1, 2017, plaintiffs' counsel Jamil L. White and Andrey R. Yurtsan of Louis | White PC filed a Motion to Withdraw as Attorneys of Record. (ECF No. 83.) The hearing on the Motion was held on March 2, 2017. White and Yurtsan appeared telephonically. Plaintiffs P. Orb Hatton and Diane Hatton appeared telephonically. Anthony Johnston also entered a special telephonic appearance on behalf of the Hattons to oppose the Motion. Defendant's counsel Stephanie Lewis appeared telephonically, but was instructed to disconnect from the call before the substance of the Motion was discussed. Because the Motion concerned the attorney-client relationship between attorneys White and Yurtsan and the Hattons, the record was sealed.

1

Attorneys White and Yurtsan were instructed to file supplemental briefing under seal, pursuant to Local Rule 141, in support of their Motion. Attorney Johnston was also permitted to file supplemental briefing under seal. (ECF No. 87.) On March 9 and 10, 2017, attorneys White, Yurtsan, and Johnston submitted supplemental briefing to the Court. The briefing was filed under seal and the Motion was taken under submission. After considering the pleadings and arguments by the parties and for the reasons set forth below, the Court GRANTS the Motion to Withdraw as Attorneys of Record.

**I.   BACKGROUND**

The initial Complaint in this action was filed on February 4, 2015. (ECF No. 1.) The action is currently proceeding on the First Amended Complaint, which was filed on July 29, 2015. (ECF No. 44.) Plaintiffs' first attorney, Matthew Mellen of the Mellen Law Firm, was permitted to withdraw on August 13, 2015. (ECF No. 54.) Louis | White PC appeared in the case on November 25, 2015. (ECF No. 68.) On April 8, 2016, Defendant Bank of America, N.A. was dismissed from the action based on a stipulation between the parties. (ECF No. 74.) The sole remaining defendant is BSI Financial Services ("BSI"). Discovery in the case has now closed and the pretrial conference is set for July 27, 2017. A trial is set for September 26, 2017.

**II.   DISCUSSION**

Rule 182(d) of the Local Rules of the United States District Court, Eastern District of California provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court. "Withdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California." Local Rule 182(d). Under those rules, permissive withdrawal of an attorney is allowed when, among other things, a client "breaches an agreement or obligation to the member as to expenses or fees." Cal. Rule of Prof'l Conduct 3-700(C)(1)(f). Courts maintain the discretion to grant or deny a motion to withdraw as counsel, however. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In considering such a motion, courts may consider:  "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the

1  case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL
2  444708, at *1 (S.D. Cal. Feb. 2, 2010). "Leave to withdraw may be granted subject to such
3  appropriate conditions as the Court deems fit." Local Rule 182(d).
4      Attorneys White and Yurtsan contend that they must withdraw as attorneys of record
5  because:  (1) Plaintiffs have not cooperated with the strategy to litigate the case that they had
6  previously agreed to; (2) Plaintiffs have breached an agreement to pay Louis | White PC a deposit
7  in advance of trial; and (3) Plaintiffs have not taken the necessary steps in a pending bankruptcy
8  proceeding to ensure that Louis | White PC is paid. (ECF No. 83-1.) Attorneys White, Yurtsan,
9  and Johnston have all submitted documents, which were filed under seal, to accompany the
10 arguments they made at the hearing regarding these contentions. The Court has reviewed the
11 sealed documents and will not recount their contents in their entirety here.
12     Based on a review of those documents, however, the Court concludes that Plaintiffs
13 entered into an agreement with Louis | White PC to pay a deposit of costs in advance of trial on
14 demand by Louis | White PC. Attorneys White and Yurtsan demanded such a deposit multiple
15 times over a period of months, but the deposit was never paid.  Indeed, no portion of the deposit
16 was paid.
17     Attorney Johnston contends that the demand for costs is actually a demand for *fees*, but
18 there no evidence supporting that contention. The deposit is consistently referred to as a deposit
19 for costs, both in the retainer agreement and in communications between the parties. The amount
20 of the deposit requested is similarly more consistent with a request for costs, rather than fees.
21 Attorney Johnston also disputes the amount of the deposit requested, but offers little basis for this
22 dispute, aside from his own professional opinion.  Moreover, Plaintiffs have not advanced any
23 costs, even at a lower amount they contend is reasonable.
24     Good cause exists to allow Louis | White PC leave to withdraw as Plaintiffs' counsel of
25 record. The trial in this matter is still six months away and Plaintiffs appear to have had little
26 difficulty attracting a number of different attorneys to represent them in various matters
27 (including, for example, attorney Johnston). Moreover, it is apparent that the relationship between
28 Louis | White PC and the Hattons would not be conducive to an efficient resolution of the case,

were Louis | White PC compelled to remain in the case. The withdrawal will create little prejudice to the other litigants in this case, will not harm the administration of justice, and will not cause unnecessary delay in the resolution of the case.

## III.     ORDER

For the reasons set forth above, the Motion to Withdraw as Counsel of Record (ECF No. 83) is GRANTED. Accordingly, IT IS HEREBY ORDERED that:

1. Louis | White PC is relieved as counsel of record for Plaintiffs. Plaintiffs shall be substituted in to proceed in the case *pro se* and all future communications shall be directed to Plaintiffs directly at: P. Orb Hatton, 10265 Granite Dell Road, Coulterville, California, 95311; and Diane Hatton, 10265 Granite Dell Road, Coulterville, California, 95311;

2. Within 30 days after entry of this Order, Louis | White PC shall provide Plaintiffs with a copy of their complete case file, if they have not already done so.

The Court strongly recommends that Plaintiffs retain new counsel to represent them in this litigation. In the event they are unable to do so, Plaintiffs are responsible for complying with all court rules and applicable laws. Failure to do so, and failure to comply with any order of the court, may result in sanctions or dismissal of this action. Plaintiffs are also advised to keep the Court apprised of their current mailing address and telephone number. Failure to do so may result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **March 15, 2017**                           /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE