# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. ORB HATTON and DIANE HATTON,<br><br>Plaintiffs,<br><br>v.<br><br>BSI FINANCIAL SERVICES,<br><br>Defendant. | Case No. 1:15-cv-00187-EPG<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO CONTINUE TRIAL, AND GRANTING DEFENDANT'S MOTION FOR TERMINATING SANCTIONS**<br><br>(ECF Nos. 107, 110) |

This case has been pending for more than two years. Plaintiffs' case against one defendant has already been resolved, and one defendant, BSI Financial Services ("BSI"), remains. After multiple extensions of the schedule, the current trial date is March 27, 2018. The case has hit a standstill, however, as Plaintiffs are unwilling to sit for their depositions. Plaintiffs have requested further extensions of the schedule, (ECF No. 110), whereas BSI has requested terminating sanctions, pursuant to Fed. R. Civ. P. 41(b), based on Plaintiffs' failure to appear for their depositions. (ECF No. 107).

Because Plaintiffs have failed to comply with court orders and have failed to show good cause to further modify the scheduling order, the Court DENIES Plaintiffs' motion to continue the date of trial, and GRANTS Defendant's motion for terminating sanctions.

\\\

1

**I.     BACKGROUND**

Plaintiffs P. Orb and Diane Hatton commenced this action on February 4, 2015 against Bank of America, N.A. and BSI. (ECF No. 1.) On August 18, 2015, the Court issued a scheduling order, initially setting a non-expert discovery cut-off date of March 11, 2016 and a trial date of January 20, 2017. (ECF No. 55.)

Since that time, the Court has modified the scheduling order numerous times. On November 15, 2016, based on the stipulation of the parties, the Court modified the scheduling order by setting a non-expert discovery cut-off date of January 6, 2017 and a trial date of September 26, 2017. (ECF No. 81.)

Plaintiffs and Bank of America, N.A. reached a settlement on February 26, 2016. (ECF No. 72)

On March 20, 2017, the remaining parties filed a joint motion to further modify the scheduling order to extend all dates by six months. (ECF No. 96.) The parties explained that P. Orb Hatton had been unable to sit for his deposition because, "As a result of the chemotherapy, [Orb Hatton] has a condition named 'chemo brain' which is described by the Mayo Institute as 'chemotherapy-related cognitive impairment or cognitive dysfunction.' 'Chemo brain' sometimes called 'chemo fog' describes thinking and memory problems that can occur after cancer treatment." (ECF No. 96.) Moreover, Diane Hatton filed Chapter 13 Bankruptcy on October 17, 2016, and had not obtained leave of the bankruptcy trustee to move forward with litigation. *Id.* Also, Plaintiffs' attorney had withdrawn as counsel. *Id.* at 8.

On March 23, 2017, the Court modified the scheduling order, setting a non-expert discovery cut-off of June 6, 2017 and a trial date of March 27, 2018. (ECF No. 98.)

On June 5, 2017, Plaintiffs filed a motion requesting a "4 month postponement of case." (ECF No. 99.) Plaintiffs explained that "My oncologist, Dr. Lan, has informed me and BSI's Attorneys, that due to my chemotherapy treatments, my mental capacities are compromised. I am recovering, however not completely." *Id.* Plaintiffs also stated that they were awaiting a response to an offer of settlement. *Id.* Plaintiffs did not attach any medical information or note from a medical professional in their request for a postponement.

BSI responded to Plaintiffs' motion, (ECF No. 101), explaining that both Plaintiffs had failed to attend their noticed depositions set for June 5, 2017. Plaintiff Orb Hatton had informed defense counsel that "he is currently recovering from his treatments and still has trouble remembering clearly." (ECF No. 101, at 2.) No reason was given for the failure of Plaintiff Diane Hatton to attend her deposition.

On June 15, 2017, the Court again modified the scheduling order, changing the non-expert discovery cut-off date to September 1, 2017. (ECF No. 102.) In the order extending the schedule, the Court stated "The Court is mindful, however, that this case has been pending for nearly two and a half years at this point and has already received lengthy extensions that are not commensurate with the complexity of the case. Thus, while Plaintiffs' motion is GRANTED in part, the Court will not grant the parties the entirety of the requested extension, nor will it move the pretrial conference or trial dates. The parties are also advised that, barring extraordinary circumstances, no further extensions of time will be granted." (ECF No. 102.)

On September 6, 2017, a Telephonic Informal Discovery Dispute Conference was held concerning Plaintiffs' failure to appear for deposition. (ECF No. 104.) Defendant stated that it served seventh amended notices of deposition on Plaintiffs, setting depositions for August 8, 2017. Plaintiffs requested an extension, and Defendant agreed to continue the depositions to August 22, 2017. Plaintiffs then requested a further continuance. BSI declined to offer any further continuances.

Mr. Hatton stated that he was no longer undergoing chemotherapy, but was concerned that he was experiencing memory issues as a residual effect of the treatment. Mr. Hatton further stated that he intends to sit for deposition, but was awaiting clearance from his physician, who he would see on September 12, 2017.

The Court told the parties that it would not move the trial date. But, the Court extended the non-expert discovery deadline to October 11, 2017, and directed Plaintiffs to appear for deposition before expiration of the non-expert discovery period. *Id.* The parties set a meet and confer for September 14, 2017. The Court directed the Plaintiffs to confer regarding a date for their deposition. The Court stated that Plaintiffs could state on the record any issues with their

memory that should be noted, but that the depositions must go forward. The Court explained that there would be consequences for Plaintiff's failure to appear for deposition. The Court also warned that if Plaintiffs did not appear for depositions, dismissal of this action may be warranted.

On September 26, 2017, the Court granted BSI permission to file a motion for relief, and directed BSI to proceed according to Local Rule 251(e). (ECF No. 106.)

Now before the Court are the parties' respective motions. (ECF Nos. 107, 110.)

## II. DISCUSSION

### A. Motion for Continuance of Trial

Plaintiffs seek to once again modify the scheduling order to continue the trial, now set for March 27, 2018, to May 2018. (ECF No. 110.) Plaintiffs state that Mr. Hatton suffered a detached retina as a result of a fall on September 25, 2017, and scheduled a required surgery for October 16, 2017. Mr. Hatton will require a few weeks recovery after surgery. Plaintiffs further state that BSI has made an offer of settlement which Plaintiffs are considering.

Notably, Plaintiffs did not attach any exhibits in support of their motion. Plaintiffs did not include any note from a doctor or other medical professional. Moreover, Plaintiffs have not offered any date for their depositions. Plaintiffs also have not provided any excuse for Diane Hatton's failure to attend her deposition.

BSI opposes Plaintiffs' motion. (ECF No. 112.) BSI states that it would be prejudiced by a continuance. BSI argues that there is a risk witnesses' memories will fade and evidence will become stale as this action arises from discussions between Mr. Hatton and a BSI employee, Chris Davis, in December 2014. BSI further argues that it has been unable to defend this action due to Plaintiffs' inability to sit for deposition. Plaintiffs have been given all reasonable opportunity to prosecute this action, but the action has been indefinitely stalled. Mr. Hatton has not provided any details of the extent, duration or the lasting impact of his mental impairment or his ability to provide testimony. Defendant also states that no settlement negotiations are pending.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded [ ] without peril." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607–08 (9th Cir. 1992)(citation and quotation omitted). Rule 16(b)(4) of the Federal Rules of Civil Procedure

4

allows the Court to modify a scheduling order for good cause. The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). Although "the focus of the inquiry is upon the moving party's reasons for seeking modification," a court may make its determination by noting the prejudice to other parties. *Id.*

The Court finds that Plaintiffs have failed to show good cause to further modify the scheduling order. The Court has twice continued the date for trial and has modified the scheduling order four times. In its last extension, it warned all parties that it would not extend the schedule absent extraordinary circumstances. (ECF No. 102.) Although the Court has shown willingness to accommodate Mr. Hatton's medical needs, it is unwilling to do so again. The Court has repeatedly extended the schedule based on allegations of side effects of medical procedures and assurances that additional time would allow Plaintiffs to comply with their obligations. Yet, Plaintiffs have not participated in their depositions despite these extensions to the schedule.

Additionally, Plaintiffs' current request for yet another postponement is not supported by any evidence from any medical professional. The evidence available to the Court reveals that Mr. Hatton was treated for blurred vision due to corneal scratches on September 18, 2017 and visited an Ophthalmologist on September 21, 2017. (ECF No. 107-1, at 6-9.) That information alone does not support a postponement of the schedule.

Moreover, the trial is set from March 27, 2018, more than four months away. As Mr. Hatton requires only a few weeks to recover from the October 16, 2017 procedure, the Court finds that the trial date in this action could reasonably be met despite Mr. Hatton's medical condition. Accordingly, Plaintiffs' motion to continue the trial in this action to May 2018 is denied.

\\\

\\\

**B. Motion for Terminating Sanctions**

**i. Legal Standard**

Federal Rule of Civil Procedure 37(d) provides that the court may, on motion, order sanctions if a party fails, after being served with proper notice, to appear for his/her deposition. The allowable sanctions include, among others, "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v), 37(d)(3). Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss a complaint for failure to prosecute or to comply with a court order.

The test for Rule 37(b) and 41(b) dismissals is nearly identical. The Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). This multi-factor test is "not mechanical," *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007), and the court "need not make explicit findings regarding each of these factors," *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Rather, the test "provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096.

**ii. Analysis**

The first and second factors militate in favor of granting dismissal. This action has been pending for almost three years. The Court has twice changed the date set for trial and has modified the discovery schedule four times. The Court has warned that no further extensions will be granted. Still, Plaintiffs have refused to participate in their depositions, or offer concrete dates to do so. On the contrary, the Court has repeatedly extended the schedule to accommodate Plaintiffs' requests to no avail. Thus, the public's interest and the court's need to manage its docket weigh in favor of the dispositive sanction.

The third factor requires a showing that Plaintiffs' actions in this case have "impaired [the defendants'] ability to proceed to trial or threatened to interfere with the rightful decision of the case." *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th

Cir.1988). This factor also weighs in favor of dismissal. Non-expert discovery has now ended. Dispositive motions were due on October 27, 2017. The pretrial conference is set for February 1, 2018, and trial is set for March 27, 2018. BSI first noticed Plaintiff's depositions for March 28, 2016. A year and a half later, BSI has been completely unable to depose both P. Orb Hatton and Diane Hatton. BSI has been unable to prepare and file a dispositive motion and has been unable to prepare for trial. Thus, Defendant's ability to proceed to trial has been impaired.

"The fourth factor—that public policy favors decisions on the merits—usually weighs against dismissal." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994), as amended (July 25, 1994). The weight it brings to Plaintiff's side of the ledger is minimal, however. The fourth factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Plaintiffs' failure to appear for deposition has precluded BSI from engaging in a vital portion of the discovery process, and has impeded BSI's ability to defend this action. Thus, the Court gives this factor little weight. *Hyde & Drath*, 24 F.3d at 1167.

The fifth factor requires the Court to consider alternate, less severe, sanctions before ordering dismissal. Factor 5 involves consideration of three subparts: "whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987)). However, "explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal." *Malone*, 833 F.2d at 132. Furthermore, an express warning regarding the possibility of dismissal is not a prerequisite to a Rule 41(b) dismissal when dismissal follows a noticed motion under Rule 41(b). *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1455 (9th Cir.1994).

At the Informal Discovery Dispute Conference on September 6, 2017, the Court extended the non-expert discovery cut-off deadline, and warned Plaintiffs that failure to appear for their deposition could result in dismissal of this action. (ECF No. 104.) The Court allowed Plaintiffs'

another opportunity to appear for a deposition and directed the parties to meet and confer regarding an acceptable date. Defendant states that after a meet and confer on September 14, 2017, Plaintiffs agreed to appear for their depositions on September 21, 2017. (ECF No. 107, at 6.) The next day, Plaintiffs stated that the date conflicted with Mr. Hatton's medical appointment, but Plaintiffs agreed to appear for depositions on September 27 and 28, respectively. On September 22, 2017, Defendant was informed that the depositions could not go forward because Mr. Hatton had suffered a retinal detachment requiring immediate surgery. On September 25, 2017, Plaintiffs provided BSI with an emergency department summary indicating that Mr. Hatton had been treated for blurred vision as a result of corneal scratches on September 18, 2017.

Plaintiffs state that on September 25, 2017, Mr. Hatton suffered a detached retina in his left eye as a result of a fall. (ECF No. 110, at 2.) The condition was initially misdiagnosed as a corneal scratch. He was scheduled for surgery on October 16, 2017. He was physically incapacitated for five days, and requires an extended recovery period. He is experiencing 24 hour debilitating headaches a result of stitches in his eye. Plaintiffs state that, barring any other medical setbacks, they intend to prosecute this action to the best of their ability.

Given the repeated requests for postponement, as well as Diane Hatton's failure to attend her deposition without any justification, the Court has no reason to believe that less drastic sanctions would cause Plaintiffs to diligently prosecute this action. Plaintiffs have been given numerous extensions and warnings. Still, Plaintiffs have frustrated the discovery process for over a year and a half by failing to appear for deposition, and have continuously failed to comply with the Court's scheduling orders.

Plaintiffs argue in their motion for continuance that BSI has failed to respond to their March 2016 offer of settlement and has instead offered a settlement that exceeds value of the property at issue in this case. But, Defendant is not obligated to accept Plaintiffs' offer of settlement. Plaintiffs also argue that Defendant has arbitrarily set deposition dates conflicting with Plaintiffs' medical appointments. But, Defendant may set the time and place of the deposition. Fed. R. Civ. P. 30(b)(1). Moreover, the record shows that some of the many dates where Plaintiffs failed to appear were selected by Plaintiffs themselves, and in any event

Plaintiffs are not proposing alternate firm dates now.

BSI has shown a willingness to accommodate Mr. Hatton in light of his medical condition. (ECF No. 96, 99.) Plaintiffs' actions, however, have displayed an unwillingness to diligently prosecute this action in compliance with the rules, procedures, and orders of this Court. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Thus, the fifth factor also weighs in favor of issuing the terminating sanction.

Four of the five factors strongly favor dismissal of this action. Accordingly, Plaintiffs' action is dismissed with prejudice. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998) (finding dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal").

### III. CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's motion for continuance, (ECF No. 110), is DENIED;
2. Defendant's motion for terminating sanctions, (ECF No. 107), is GRANTED; and
3. Plaintiffs' claims are DISMISSED with prejudice. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: **November 15, 2017**          /s/ Erin P. Groig
                                                        UNITED STATES MAGISTRATE JUDGE