# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. ORB HATTON and DIANE HATTON,<br><br>Plaintiffs,<br><br>v.<br><br>BSI FINANCIAL SERVICES,<br><br>Defendant. | Case No. 1:15-cv-00187-EPG<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 16, 2017 ORDER**<br><br>(ECF No. 116) |

Plaintiffs P. Orb and Diane Hatton commenced this action on February 4, 2015. (ECF No. 1.) On November 16, 2017, the Court denied Plaintiffs' motion for continuance of the trial and granted Defendant's motion for terminating sanctions, dismissing this action for Plaintiffs' failure to appear for depositions, failure to comply with court orders, and failure to prosecute. (ECF No. 114.)

Plaintiffs now move for the Court to reconsider its November 16, 2017 Order. (ECF No. 116.) For the reasons set forth below, Plaintiffs' motion for reconsideration is DENIED.

\\\
\\\

1

# I. LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from an order on a prior motion for any reason that justifies relief. Under Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "" 'A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotations omitted). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior order. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

# II. ANALYSIS

Plaintiffs' motion for reconsideration does not present any newly discovered evidence, demonstrate clear error, or set forth any change in the controlling law. Rather, Plaintiffs argue that they should be given more time to prosecute their case in light of various hardships. The Court stands by its earlier ruling, while addressing certain of Plaintiffs' arguments below.

Plaintiffs argue that the Court should reconsider its prior order because they have endured numerous tragedies during the course of these proceedings:

> Mr. Hatton's back broken.
> Hatton's business flooded with neighbors effluent repairs so extensive resulted in closure of business.
> 18 year old son was in catastrophic accident in which his face was partially destroyed.
> Son endured 35 surgeries and 76 out of area Doctors visits.
> Same son charged with felony offense allegedly occurring during his 24 hour a day medical supervision.
> Alleged victim admitted perjury (false accusations) on 3 occasions.

> Son's attorney charged with murder.
> Son's attorney's incompetent representation resulted in 8-year prison sentence for son.
> Mr. Hatton got pneumonia.
> Mr. Hatton diagnosed with lung cancer.
> Mr. Hatton underwent lung surgery, a partial removal.
> Mrs. Hatton had hip replacement surgery.
> Mr. Hatton's cancer metastasized to Lymph glands.
> Mr. Hatton had lymph gland surgery.
> Mr. Hatton underwent radiation therapy, 28 sessions.
> Mr. Hatton suffered a burn to his esophagus.
> Mr. Hatton endured chemotherapy.
> Mr. Hatton contracted "Chemo Brain" as a result.
> Chemotherapy resulted in unstable balance resulting in 3 falls:
>   1. Front teeth knocked out
>   2. 3 broken ribs
>   3. Detached retina
> Mr. Hatton underwent Retina surgery.

(ECF No. 116.)

Plaintiffs fail, however, to offer any new facts, circumstances, or grounds that would induce the Court to reverse its prior order. First, Plaintiffs provide no dates of occurrence for the listed events, except for stating that the events took place from 2008 to present. *Id.* Second, to the extent that these events occurred before the pendency of this action and do not relate to the disputes in this action, they are irrelevant. Plaintiffs commenced this action on February 4, 2015. (ECF No. 1.) The Court opened discovery in this action on August 18, 2015. (ECF No. 55.) Defendant first noticed Plaintiffs' depositions for March 28, 2016. (ECF No. 114.) Therefore, at least some of the events listed by Plaintiffs cannot serve as justification for their failure to appear for deposition, failure to comply with court orders, and failure to diligently prosecute this action. Third, the Court considered Mr. Hatton's health and difficult circumstances in its prior order. The Court specifically found:

> Although the Court has shown willingness to accommodate Mr. Hatton's medical needs, it is unwilling to do so again. The Court has repeatedly extended the schedule based on allegations of side effects of medical procedures and assurances that additional time would allow Plaintiffs to comply with their obligations. Yet, Plaintiffs have not participated in their depositions despite these extensions to the schedule.

(ECF No. 114 at 5.)

Plaintiffs also argue that they should have the opportunity to prosecute the actions of

3

Defendant, and if given the opportunity they will do so to the best of their ability. The Court has given Plaintiffs many opportunities to prosecute this action, however. As the Court stated in its prior order:

> Given the repeated requests for postponement, as well as Diane Hatton's failure to attend her deposition without any justification, the Court has no reason to believe that less drastic sanctions would cause Plaintiffs to diligently prosecute this action. Plaintiffs have been given numerous extensions and warnings. Still, Plaintiffs have frustrated the discovery process for over a year and a half by failing to appear for deposition, and have continuously failed to comply with the Court's scheduling orders.

*Id.* at 9.

Plaintiffs further argue that they provided the Court with appointment dates for Mr. Hatton's eye surgery to correct his detached retina. However, as the Court stated in its prior order, "The evidence available to the Court reveals that Mr. Hatton was treated for blurred vision due to corneal scratches on September 18, 2017, and visited an Ophthalmologist on September 21, 2017. . . . That information alone does not support a postponement of the schedule."

Plaintiffs also state, "Should the court wish for further evidence of the veracity of the above statements I am prepared to provide proof of all." (ECF No. 116 at 3.) However, Plaintiffs already have had a full opportunity to provide "evidence of the veracity" of their statements. Plaintiffs could have submitted additional evidence in response to Defendant's motion asking for dismissal. Even now, Plaintiffs again fail to offer such evidence.

Lastly, Plaintiffs argue that the Court's "rulings imply a specific intent to delay or otherwise impede the proceedings," and "no deliberate intent to delay was present" in this case. (ECF No. 116 at 4.) The Court's specific finding was that Plaintiffs "have displayed an unwillingness to diligently prosecute this action in compliance with the rules, procedures, and orders of this Court. (ECF No. 114 at 9.) Notably, Plaintiffs' again fail to offer any concrete dates for their depositions to take place should the Court reopen the case.

Therefore, Plaintiffs have not set forth any facts or law of a strongly convincing nature to induce the Court to reverse the November 16, 2017 Order.

\\\

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs' motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: __**December 27, 2017**__  /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE